**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 13-227** |
| **JEREMIAH JACKSON** | **SECTION" "B"** |

## ORDER & REASONS

**IT IS ORDERED** that petitioner Jeremiah Jackson's motion to appoint counsel is **DENIED**. Rec. Doc. 580.

On May 13, 2015, petitioner plead guilty to violations of 18 U.S.C. § 1962(d); 21 U.S.C. § 841(a); 18 U.S.C. § 924(o); and 18 U.S.C. § 1959(a)(3). Rec. Doc. 515 at 1-2. Thereafter he was sentenced to 300 months in prison as to each of counts 1 and 2 of the third and 240 months in prison as to each of Counts 3 and 5, all to be served concurrently. Rec. Doc. 515 at 3.

Petitioner's motion to appoint counsel is construed as an effort to seek assistance in filing for habeas relief. There is no constitutional right to counsel in a habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). However, the court has discretion to appoint counsel to a "financially eligible person" seeking relief under 28 U.S.C. § 2255 when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2).

As basis for relief, petitioner asserts the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). In *Davis*, the Supreme Court addressed 18 U.S.C. § 924(c), which

1

required that violators "face a mandatory minimum sentence of five years in prison, over and above any sentence they receive for the underlying crime of violence or drug trafficking crime." *Id*. at 2324. The Court held that "§ 924(c)(3)(B) is unconstitutionally vague," in its definition of a "crime of violence." *Id*. at 2336. Petitioner argues this ruling affects his sentence because he plead guilty under 18 U.S.C. § 924. However, petitioner did not plead guilty to a violation of § 924(c), the portion of the statute *Davis* held unconstitutional, rather he plead guilty to a violation of 18 U.S.C. § 924(o)(2). Rec. Docs. 216, 515. Because *Davis* only held that 18 U.S.C. § 924(c)(3)(B) was unconstitutional, that decision has no bearing on petitioner's guilty plea or sentence.[1] *See Davis*, 139 S. Ct. 2336; *see also United States v. Ellis*, No. CR 15-124, 2019 WL 4673178, at *1 (E.D. La. Sept. 25, 2019). Accordingly, the interests of justice do not require appointed counsel in this instance for seeking unavailable relief under 28 U.S.C. § 2255.

New Orleans, Louisiana this 2nd day of November 2020

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Even if *Davis* has applicability here, "defendants whose § 924(c) convictions are overturned…will not even necessarily receive lighter sentences:…when a defendant's § 924(c) conviction is invalidated, courts of appeals 'routinely' vacate the defendant's entire sentence on all counts 'so that the district court may increase the sentences for any remaining counts' if such an increase is warranted. *Davis*, 139 S.Ct. at 2336 quoting *Dean v. United States*, 137 S.Ct. 1170, 1176 (2017). There are factors here warranting the latter increases, if resentencing is required.